1 ¡.GUIDRY, J.
This matter comes before us on the issue of whether penalties and attorney’s fees should be assessed against the appel-lee, City of Baton Rouge/Parish of East Baton Rouge (City/Parish), for the alleged failure to timely pay a final, nonappealable judgment in violation of La. R.S. 23:1201(G).
The appellant, James Heine, previously filed a disputed claim for compensation against the City/Parish for denial of benefits. The workers’ compensation judge (WCJ) found that Heine was entitled to supplemental earnings benefits, which were then awarded in a judgment signed November 8, 1999. However, the WCJ further found that, under the circumstances, the City/Parish was not arbitrary and capricious for failing to pay Heine the benefits claimed and denied Heine’s request for penalties and attorney’s fees.
Both parties appealed the November 8, 1999 judgment, but while the matter was pending before this court, the City/Parish moved to dismiss its suspensive appeal, which was granted. Heine, who answered the City/Parish’s appeal alleging that the WCJ erred in failing to find the City/Parish arbitrary and capricious, maintained his appeal. In an unpublished opinion rendered on March 28, 2001, this court denied Heine’s answer to the City/Parish’s appeal. See Heine v. City of Baton Rouge/Parish of East Baton Rouge, 00-0383 (La.App. 1st Cir.3/28/01) (unpublished opinion).
While the previous matter was pending before this court, Heine filed a new claim with the Office of Workers’ Compensation seeking penalties and attorney’s fees for the City/Parish’s alleged untimely payment of the November 8, 1999 judgment as a “final, nonappealable judgment” in violation of La. R.S. 23:1201(G). The WCJ denied Heine’s claim in a judgment signed on March 15, 2001. Heine appealed the judgment to this court.
13Oral argument for the appeal was docketed for August 15, 2002. On that date, counsel for Heine filed an ex parte motion to dismiss the appeal as moot *560 based on a settlement and compromise reached by the parties. Since no answer to the appeal or other formal action to amend or modify the March 15, 2001 judgment has been filed, we hereby grant the appellant’s motion to dismiss the appeal. See Uniform Rules, Courts of Appeal, Rule 2-8.4. Costs in the amount of $222.96 are assessed to the appellee, City of Baton Rouge/Parish of East Baton Rouge.
APPEAL DISMISSED.